# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
TOMIKA L. TAYLOR,

    Debtor,
_____

Case No. 18-13285
HON. DENISE PAGE HOOD

WAMER PROPERTIES, LLC,

    Appellant,
v.

TOMIKA L. TAYLOR,

    Appellee.
_____/

## ORDER DENYING AND DISMISSING APPEAL [#1]

## I.    INTRODUCTION

On June 28, 2017, the Bankruptcy Court entered an Order Confirming Plan stemming from the Chapter 13 bankruptcy filing made by Appellee Tomika L. Taylor ("Debtor"). [Bankruptcy Docket No. ("BDN") 83] On June 14, 2018, Appellant Wamer Properties, LLC ("Wamer") filed in the Bankruptcy Court an Amended Proof of Claim #15, stating that the amount of its claim should have been $55,624.77, not $10,210.85 as Wamer had indicated on its Proof of Claim #15 dated May 16, 2017.

On June 18, 2018, Wamer filed a Motion for Relief from Order Confirming Plan. On August 6, 2018, the Bankruptcy Court entered an order denying Wamer's Motion for Relief. [BDN 112] Wamer filed a Motion for Reconsideration/Rehearing [BDN 113], which the Bankruptcy Court denied on October 5, 2018. [BDN 120]. Wamer timely filed a Notice of Appeal. The Debtor filed a response. For the reasons that follow, the Court denies and dismisses Wamer's appeal.

## II. BACKGROUND

On August 2, 2010, Debtor entered into an agreement with Wamer to purchase on a land contract residential real property located in Detroit, Michigan. Debtor was to pay $456.19/month, plus all taxes, for the property. On September 23, 2016, Debtor filed a Chapter 13 bankruptcy petition. At the time, Plaintiff was behind in payments due Wamer under the land contract. On May 16, 2017, Wamer filed Proof of Claim #15 in the amount of $10,210.85, which represented the amount of arrearage on the land contract. The June 28, 2017 Order Confirming Plan expressly provides, in relevant part:

> 2. WAMAR Properties claim of $10,210.85 shall be paid in Class 6.1 subject to an annual interest rate of 10% at $650.00 per month in accordance with duly filed and allowable proof of claim.
>
> 3. Debtor waives any and all rights to pursue a cause of action against WAMAR properties for any violations of the

Automatic Stay.

As noted above, (1) nearly one year after the Order Confirming Plan was entered, Wamer filed a Motion for Relief from judgment that the Bankruptcy Court denied, and (2) Wamer filed a Motion for Reconsideration that also was denied.

## III. ANALYSIS

### A. Standard of Review

On appeal to the district court from an order of the bankruptcy court, "the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions on a clearly erroneous standard." *In re Araj*, 371 B.R. 240, 241 (E.D. Mich. 2007) (*citing In re Burns,* 322 F.3d 421, 425 (6th Cir. 2003)); *In re Made in Detroit*, 414 F.3d 576, 580 (6th Cir. 2005).

### B. Analysis

As noted above, an Order Confirming Plan was entered in this case on June 28, 2017. Under the Bankruptcy Code:

> (a) The provisions of a confirmed plan <u>bind</u> the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. §1327 (emphasis added).

Wamer first argues that the Bankruptcy Court did not have subject matter jurisdiction or legal power to modify the assumed land contract. Citing *In re Gunter Hotel Assocs.*, 96 B.R. 696, 698 (Bankr. W.D. Tex. 1988) ("a bankruptcy court is not free to re-write an executory contract upon either its assumption or its rejection. *Leasing Service Corp. v. First Tennessee Bank, N.A.*, 826 F.2d 434, 437 (6th Cir. 1987)"). The Court is not persuaded by Wamer's argument.

Neither of the cases cited by Wamer support Wamer's contention that the Bankruptcy Court lacked subject matter jurisdiction to address whether or not to modify the assumed land contract. And, those cases are inapposite to this case, as the Bankruptcy Court in this matter did not simply re-write the land contract. The Order Confirming Plan simply memorialized what the parties bargained for and agreed to *vis a vis* the amount owed by Debtor and the violations of the Automatic Stay by Wamer. *See* Dkt. No. 3, PgID 57 (as set forth on Page 2 of this Order). Such conduct is permitted by, and was performed in accord with, the Eastern District of Michigan

Bankruptcy Court's Local Rules, specifically Local Rule 3015-2(a)(2).[1] Accordingly, the Court rejects Wamer's argument that the Bankruptcy Court did not have subject matter jurisdiction or legal power to modify the assumed land contract.

Wamer next argues that the Court did not apply the correct standard when determining that Wamer could not amend its "timely" filed proof of claim. Wamer cites numerous cases in support of this position. Each of those cited cases recognized that an amended proof of claim could be timely, even if it was filed after the bar date had passed. *See In re Washington*, 420 B.R. 643 (Bankr. W.D. Pa. 2009); *Gens v. RTC*, 112 F.3d 569, 575 (1st Cir. 1997); *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985); *In re Kolstad*, 928 F.2d 171, 173-75 (5th Cir. 1991). Wamer's argument ignores that, in each of the cases Wamer cited, no Order Confirming Plan had been entered. Wamer's argument also ignores that its proposed "amendment" to its proof of claim was filed more than: (a) one year <u>after</u> the proof of claim it seeks to amend; and (b) 11 months <u>after</u> the Order Confirming Plan was entered.

Wamer has submitted no authority to support the proposition that a creditor has the right to amend its proof of claim <u>after</u> an Order Confirming Plan has been entered – especially when the proposed amendment is made nearly a year after the Order

---

[1] The Court notes that Wamer's Motion for Relief does not comport with the requirements of Local Rule 3015-2(b), which provides the mechanism for proposing a post-confirmation plan modification (Local Rule 3015-2(b)(1)), and specifically states, "A post-confirmation plan modification may not be proposed by motion." Local Rule 3015-2(b)(3).

Confirming Plan was entered. Under the present circumstances, the Court finds that granting Wamer the relief it seeks would "result in unfair prejudice to other holders of unsecured claims against the estate," *Gens*, 112 F.3d at 575, and Debtor. For these reasons, the Court concludes that the Bankruptcy Court did not fail to apply the correct law or standard, nor did the Bankruptcy Court abuse its discretion, when it did not allow the proposed amended proof of claim.

Wamer's third argument is that it set forth a prima facie case to allow relief from the Order Confirming Plan based on "mistake" and "excusable neglect." Wamer contends that the Bankruptcy Court should have scheduled an evidentiary hearing regarding the alleged $40,000 discrepancy between what Debtor still owed on the Land Contract and the amount in the Order Confirming Plan. Wamer cites Federal Rule of Bankruptcy Procedure 9006 (allowing tardily filed claims if the party seeking allowance of the claim establishes excusable neglect) and a Supreme Court case that permitted a late filing of a proof of claim where the attorney for some unsecured creditors filed proofs of claims 20 days after the bar date had passed. *Pioneer Investment Srvs. Co. v. Brunswick Assocs., Ltd. Partnership*, 507 U.S. 380 (1993).

The *Pioneer* court stated:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all

> relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395. Even if the "mistake" upon which Wamer relies was the result of "negligent delay" or "excusable neglect" caused by Wamer's representative or legal counsel erroneously submitting $10,210.85 for its proof of claim (rather than the total unpaid amount of $55,624.77), the Court concludes that the equitable factors set forth in *Pioneer* do no support granting the relief requested by Wamer.

First, granting Wamer the relief it seeks would have resulted in significant prejudice to Debtor, who gave up the right to pursue any cause of action against Wamer for violations of the Automatic Stay. *Kolstad*, 928 F.2d at 172. Second, failure to file the "amended" proof of claim until essentially one year after the applicable proof of claim and entry of the Order Confirming Plan constitutes extreme delay.

Third, if the Court allowed the amended proof of claim, that act would have a monumental effect on judicial proceedings that had terminated one year earlier. Fourth, although there is no evidence that Wamer acted in bad faith, the reason Wamer was delayed in ascertaining the need to amend the proof of claim (and amending the proof of claim) was completely within the control of Wamer or its representatives and

7

legal counsel – for which Wamer must be held accountable. *Pioneer*, 507 U.S. at 396 ("we have held that clients must be held accountable for the acts and omissions of their attorneys . . . [and this] principle applies with equal force" with respect to penalizing creditors with the omissions or neglect of their attorneys).

When taking all of those circumstances into account, the Court concludes that the Bankruptcy Court did not err in failing to set an evidentiary hearing or denying Wamer's Motion for Relief and Motion for Reconsideration. For the reasons stated above, the Court denies Wamer's appeal.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that Wamer's Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Bankruptcy Court's Order is AFFIRMED.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 4, 2019